**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-99-01074-001-PCT-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Frank Monte Banashley, Sr., | |
| Defendant. | |

In December 1999, Frank Monte Banashley, Sr., was driving on the White Mountain Apache Indian Reservation when he was pulled over by a tribal police officer. A struggle ensued which ended when Banashley hit the officer in the head with a rock, obtained the officer's firearm, and shot the officer in the head. Banashley was apprehended and eventually pled guilty to one count of Murder of a Federal Officer and one count of Use of a Firearm During a Crime of Violence. In October 2000, Banashley was sentenced to a total of 504 months. At that time, Banashley was 39 years old. Banashley remains in custody and his expected release date is January 23, 2036.

In November 2020, Banashley contracted Covid-19. (Doc. 151-3 at 16). Banashley states he was "quite ill from the disease" but he recovered. (Doc. 151 at 8). On March 24, 2021, Banashley received an initial shot of the Moderna Covid-19 vaccine. He received a second shot of that vaccine on April 22, 2021. (Doc. 155 at 19). On May 7, 2021, Banashley filed a motion seeking compassionate release. According to that motion, Banashley "is obese, has hypertension, diabetes, and asthma, and he is 60 years of age."

(Doc. 151 at 2). Banashley argues these conditions increase his risk of serious complications should he contract Covid-19 again. Banashley also argues he "is rehabilitated and does not pose a danger to the community." (Doc. 151 at 15). Therefore, Banashley requests "an order reducing his sentence to time served" or to a modification of the judgment that would allow him to serve his sentence on home confinement. (Doc. 151 at 1-2). The United States opposes the motion, arguing Banashley's vaccination significantly lowers the risk presented by Covid-19. The United States also argues Banashley's criminal history prior to committing the offenses in 1999, and the circumstances of his 1999 offenses, establish relief would not be appropriate.

A motion for compassionate release of the type filed by Banashley requires the Court "consider (1) whether extraordinary and compelling reasons warrant . . . a reduction; and (2) the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."[1] *United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021). There is no statutory definition of "extraordinary and compelling reasons." Instead, Congress contemplated the Sentencing Commission would issue a policy statement providing guidance on the proper understanding of the phrase. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). At present, however, the Sentencing Commission has not issued such a policy statement. There is an older policy statement from the Sentencing Commission that a district court may consult for guidance regarding the meaning of "extraordinary and compelling reasons." But that policy statement is not binding. *Id.*

Under the older policy statement, "extraordinary and compelling reasons" might exist when a defendant has a medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13. In its briefing, the United States agrees medical conditions that increase "the risk of an adverse outcome from

---

[1] The United States concedes Banashley "has met the [administrative] exhaustion requirement" imposed by statute. (Doc. 155 at 7). That concession means the Court need not address the exhaustion issue. *Cf. United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (noting administrative exhaustion requirement is not jurisdictional but it "is mandatory and must be enforced when properly raised by the government").

COVID-19" might qualify under this definition. (Doc. 155 at 10). It is undisputed Banashley has a number of such conditions. But the United States points out Banashley's vaccination earlier this year reduces the risk presented by his medical conditions and Covid-19 such that there is no current medical basis for granting relief.

The great weight of authority is that, after a prisoner has been vaccinated, Covid-19 and medical conditions such as Banashley's do not combine to present an extraordinary and compelling reason for relief. *See, e.g.*, *United States v. Wills*, No. 3:15-CR-00465-BR, 2021 WL 2179256, at *3 (D. Or. May 27, 2021) (citing many cases concluding vaccination reduces risk presented by underlying medical conditions). The Court agrees. While Banashley's underlying medical conditions increase his risk should he be reinfected by Covid-19, his vaccination lowers that risk to an acceptable level. Thus, Banashley's medical condition and age do not present extraordinary and compelling reasons for granting relief.

Even if Banashley could establishing a medical basis for compassionate release, the factors listed in 18 U.S.C. § 3553(a) also establish relief should be denied. Banashley has a lengthy criminal history, the crimes at issue were brutal, and one of the crimes—murder of a federal officer—is a very serious crime. Based on the present record, denying Banashley's request to eliminate or shorten his sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Accordingly,

**IT IS ORDERED** the Motion for Compassionate Release (Doc. 151) is **DENIED**. This Order shall not be sealed.

Dated this 13th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge